Sandra

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
FILED
OCT 26 2000
ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

SCANNED

CV00-2415 M

STATE OF LOUISIANA * PARISH OF OUACHITA * FOURTH DISTRICT COURT

OSCAR GOBER AND BRIDGET BORDEN GOBER, INDIVIDUALLY, AND AS THE NATURAL PARENTS OF INFANT, EMILY GOBER

FILED: September 15, 2000

VS. NO. 00-3872

ECKERD CORPORATION D/B/A ECKERD DRUGS, ET AL

_____
DEPUTY CLERK OF COURT

JUDGE JAMES
MAGISTRATE JUDGE PAYNE

RECEIVED Sep 15 2 52 PM '00 OUACHITA CLERK OF COURT

## PETITION

The Petition of OSCAR GOBER and BRIDGET GOBER, major domiciliaries of Ouachita Parish, individually and on behalf of their infant child, EMILY GOBER, with respect represents that:

I.

1. Defendant ECKERD CORPORATION d/b/a as ECKERD DRUGS is incorporated in Delaware and is authorized to do and doing business in the State of Louisiana, and at all times relevant hereto and continuing to the present time, through its wholly owned subsidiary or subsidiaries, has been licensed to and is engaged in operating a pharmacy or pharmacies from which the drugs that injured the Plaintiff and infant Plaintiff were dispensed and sold.

2. Defendant WAL MART STORES, INC. d/b/a WAL MART DRUGS is incorporated in Delaware and is authorized to do and doing business in the State of Louisiana, and at all times relevant hereto and continuing to the present time, through its wholly owned subsidiary or subsidiaries, has been licensed to and is engaged in operating a pharmacy or pharmacies from which the drugs that injured the Plaintiff and infant Plaintiff were dispensed and sold.

3. Defendant A.H. ROBINS COMPANY, INC., has its principal place of business at 1407 Cummings Drive, Richmond, Virginia 23222, and at all times relevant hereto and continuing to the present has been engaged in the business of manufacturing and marketing its product Pondimin as a weight loss drug and is duly authorized to and do business in the State of Louisiana.

4. Defendant MERRILL PHARMACEUTICALS, INC., a subsidiary of HOECHST MARION ROUSSEL, INC., now known as AVENTIS PHARMACEUTICALS, INC., which is incorporated in the State of Missouri and has its principal place of business at 9300 Ward Parkway, Kansas City, Missouri, 64114, and at all times relevant hereto and continuing

CASE ASSIGNED TO:
DIVISION I

①

to the present has been engaged in the business of manufacturing and marketing its product Tenuate Dospan as a weight loss drug, and developed, manufactured or sold said drug in Louisiana.

5. Defendant GATE PHARMACEUTICALS, INC., a division of TEVA PHARMACEUTICALS, USA, INC., which is incorporated in the State of Delaware and has its principal place of business at 650 Cathill Road, Sellersville, Pennsylvania 18960, and at all times relevant hereto and continuing to the present has been engaged in the business of manufacturing and marketing its product Adipex as a weight loss drug, and developed, manufactured or sold said drug in Louisiana.

6. Defendant BLUE RIDGE LABORATORIES, PHARMACEUTICALS, INC., is a subsidiary of WATSON LABORATORIES, INC., which is incorporated in the State of California and at all times relevant hereto and continuing to the present has been engaged in the business of manufacturing and marketing its product Diethlpropion hydrochloride as a weight loss drug, and developed, manufactured or sold said drug in Louisiana.

II.

At all times relevant hereto, the Defendants transact and transacted business in the State of Louisiana and/or have taken actions they knew or should have known to have consequences in the State of Louisiana.

III.

In 1999, Plaintff, BRIDGET GOBER was under the care and treatment of her physician, A.C. WADLINGTON, M.D. for obesity, with which he prescribed the drugs, Pondimin, Tenuate Dospan, Adipex and Diethlpropion hydrochloride. He is made Defendant herein.

IV.

In reliance on the advice given under the auspices of DR. A.C. WADLINGTON, Plaintiff ingested said medications during the period of her pregnancy.

V.

As a direct and proximate result of ingesting Pondimin, Tenuate Dospan, Adipex and Diethlpropion hydrochloride, as aforesaid, Plaintiff sustained numerous physical problems including but

not limited to heart palpitations, dizziness and emotional distress as are more fully set forth below.

VI.

Prenatal exposure to Pondimin, Tenuate Dospan, Adipex and Diethlpropion hydrochloride cause permanent and deadly injuries including but not limited to pulmonary hypertension and heart valve disease, and the same has caused her severe emotional distress and mental anguish, since this has become known.

VII.

The aforesaid drugs were prescribed and ingested by the Plaintiff unknowingly while she was pregnant, as a result of which the infant Plaintiff, EMILY GOBER was exposed to the aforesaid drugs while a fetus in utero.

VIII.

As a direct and proximate result of ingesting said drugs, the infant, EMILY GOBER was born with and sustained serious heart damage and disease, including but not limited to pulmonary atresia.

IX.

As a direct and proximate result of ingesting said drugs, Plaintiff and infant Plaintiff suffered an increased risk of sustaining harm in the future including but not limited to pulmonary hypertension and heart valve damage.

X.

That by reason of the foregoing, Plaintiff and infant plaintiff are likely to require medical monitoring in the future, but in any event will be likely to incur medical expenses for monitoring and/or necessary treatment.

XI.

At all times hereinmentioned Plaintiff ingested the said drugs in the course of ordinary use for which said product was intended when used, manufactured, processed, or compounded or sold by the Defendants and said product directly and proximately caused Plaintiffs to suffer the conditions set forth above.

XII.

At all times hereinmentioned the product Pondimin was manufactured and placed into the stream of commerce by Defendant, A.H. Robins.

XIII.

That at all times hereinmentioned the products Pondimin, Tenuate Dospan, Adipex and Diethlpropion Hydrochloride were dispensed or distributed and in any event sold to Plaintiff by Defendants, ECKERD DRUGS and WAL MART PHARMACY, inasmuch as the Plaintiff purchased all of the drugs at their respective stores located at 2346 Sterlington Road, Monroe, LA 71203 and 2701 Louisville Avenue, Monroe, LA 71201.

XIV.

Plaintiff alleges and incorporates herein by reference paragraphs I. through XIV. above.

XV.

At all times hereinmentioned each manufacturing Defendant's product was dangerous and defective in that the harms of said products outweighed any benefit from said products rendering the same inherently dangerous and/or defective.

XVI.

The manufacturing Defendants placed said product in the stream of commerce with reckless disregard for the public safety in that no testing or other reasonable steps were taken to assure the product was efficacious for the purpose of treating obesity in that whatever initial short term weight loss might ensue from use of said product, was negated by the fact that when said product use was discontinued the person ingesting the same would likely regain whatever weight was lost, rendering said product worthless as said product cannot be ingested on a long term or permanent basis.

XVII.

The manufacturing Defendants are strictly liable to the Plaintiff and infant Plaintiff who ingested and were exposed to the aforesaid drugs.

XVIII.

The Defendant pharmacies, ECKERD DRUGS and WAL MART PHARMACY, are strictly liable to the Plaintiff and infant Plaintiff for selling the Pondimin, Tenuated Dospan, Adipes and Diethlpropion Hydrochloride as aforesaid.

XIX.

That A.C. WADLINGTON, M.D. is strictly liable to the Plaintiff and infant Plaintiff for prescribing the aforesaid drugs to Plaintiff as part of a weight loss program.

XX.

As a result of the reckless disregard for the public welfare and welfare of Plaintiff and infant Plaintiff in particular, the Defendants are liable to them for exemplary damages in addition to compensatory damages sustained as a result of Defendants' conduct.

XXI.

Plaintiffs reallege and incorporate herein by reference to paragraph I. through XXI. above.

XXII.

The conduct of each of the Defendants in respective manufacturing, developing, selling, dispensing or prescribing of the aforesaid drugs that injured the Plaintiff and infant Plaintiff was negligent and grossly negligent.

XXIII.

Upon information and belief, the Defendants knew or should have known there is a causal relationship between ingestion of the aforesaid drugs and the illnesses pulmonary hypertension, valvular heart disease and neurotoxicity to the brain which cause significant harms, including but not limited to memory loss, behavioral problems, Alzheimer-like diseases and other potential harms not yet discerned but possible, and unknown only because the Defendants marketed and sold said drugs on the basis of inadequate testing.

XXIV.

Upon information and belief, the Defendants knew or should have known that, even if some minor weight loss was brought about,

less drastic and safer means of bringing about minor weight loss could have been achieved by exercise and restricting caloric intake without subjecting the user to fatal illnesses and other consequences including the poor self-image messages in much of the Defendant's advertising intended to induce persons who are overweight to purchase these drugs for cosmetic reasons.

XXV.

Upon information and belief, the Defendants were aware of information indicating that the aforesaid drugs were not safe or effective for the purpose for which it was markedted, sold and prescribed, permanent weight loss.

XXVI.

Each manufacturing Defendant failed to provide adequate warnings and/or information concerning the harms or potential harms of and dangers of said product to persons ingesting the product including but not limited to the Plaintiff herein.

XXVII.

Defendants, ECKERD DRUGS and WAL MART PHARMACY, sold said product to the Plaintiff without providing information concerning the dangers and harms to persons ingesting the product, including but not limited to the Plaintiff herein.

XXVIII.

Defendant, A.C. WADLINGTON, M.D. evinced a reckless disregard for the Plaintiff and infant Plaintiff by participating in the distribution of the medications Plaintiff was prescribed, said participation including but not limited to drafting various documents designed to protect itself from legal liability rather than to provide its patients, and particulary, the Plaintiff herein, sufficient information to make an informed choice and consent to the use of said medications.

XXIX.

As a direct and proximate result of the Defendant's failure to provide appropriate warnings and/or instructions to the Plaintiffs, she and her child sustained the harms complained of herein.

XXX.

Plaintiff and infant Plaintiff are entitled to exemplary damages in that the failure to warn was reckless and without regard to the public safety and welfare in that the manufacturing Defendant and A.C. WADLINGTON, M.D., misled both the medical community and public at large including the Plaintiff herein by falsely misleading them about the safety of their products used either individually or in combination and downplayed or ignored serious and permanent side effects despite available information demonstrating these products were likely to cause serious and sometimes fatal side effects to the users.

XXXI.

That Defendants were in possession of information demonstrating serious side effects from and evidence that their products were not effective for permanent weight loss or clearly should have been in possession of such information yet continued to market their product by providing false and misleading information with regard to both efficacy and safety.

XXXII.

That despite the same, and despite the fact there was existing evidence said drugs were in fact dangerous, the Defendants downplayed the health hazards and risks associated with the products and in fact deceived the medical community and public at large including all potential users of their product by promoting the same as a safe and effective method of weight reduction when in fact it was a dangerous product which was not effective for permanent weight loss.

XXXIII.

The manufacturing Defendants used gimmicks such as testimonials from satisfied users and pamphlets and other promotional literature which they placed in offices of doctors and other health care providers.

XXXIV.

That manufacturing and A.C. WADLINGTON, M.D., Defendants placed profit concerns over and above the safety of the public and as a result of such reckless conduct, Plaintiff and infant Plaintiff are entitled to exemplary damages in addition to compensatory damages sustained as a result of Defendant's grossly negligent and intentional conduct.

XXXV.

As a result of the Defendants' reckless disregard for the public welfare and welfare of Plaintiff and infant Plaintiff in particulary, the latter are entitled to exemplary damages in addition of compensatory damages sustained as a result of Defendant's conduct.

XXXVI.

Plaintiffs re-allege and incorporate herein by reference paragraphs I. through XXXVI. above.

XXXVII.

The manufacturing Defendants knew or should have known with the exercise of reasonable care that Pondimin, Tenuate Dospan, Adipex and Diethlpropion Hydrochloride were inherently dangerous products beyond the expectations of the ordinary user and nevertheless manufactured and placed said product into the stream of commerce.

XXXVIII.

That manufacturing Defendants failed to carry out adequate investigation including but not limited to testing said product, failing to ascertain if less hazardous or non-hazardous substitutes could have been used to accomplish the purported purpose of Pondimin, Tenuate Dospan, Adipex and Diethlpropion Hydrochloride, namely permanent weight reduction, and failed to design the product in such a fashion as to inhibit or minimize the release of toxic substances into the Plaintiff's body to avoid causing harms including but not limited to pulmonary hypertension, heart valve damage and the emotional sequella of sustaining said disease or coming upon the realization that one is a candidate for said fatal diseases at some future time.

### XXXIX.

Each manufacturing Defendant was grossly negligent for continuing to manufacture said product when information was or could have been obtained indicating that serious harms could result to users and that there was not reliable evidence that said product was efficacious for the very purpose that it was being recommended, namely permanent weight reduction, and there was in fact evidence that Pondimin, Tenuate Dospan, Adipex and Diethlpropion were not efficacious for treatment of obesity, thus manufacturing Defendants' conduct was carried out with a reckless disregard to health, welfare and safety of the public including that of the Plaintiff herein.

### XL.

A.C. WADLINGTON, M.D., Defendant faild to exercise reasonable care by prescribing the aforesaid drugs to the Plaintiff and for a lengthy period of time and without properly monitoring the prescription of said drugs and thus exposing the infant Plaintiff to the aforesaid drugs.

### XLI.

That as a result of the same Plaintiff and infant Plaintiff are entitled to both compensatory and exemplary damages.

### XLII.

Plaintiffs reallege and incorporate by reference herein Paragraphs I. through XLII. above.

### XLIII.

That manufacturing Defendants experessly warranted that Pondimin, Tensuate Dospan, Adipex, Diethlpropion Hydrochloride, was safe when used for a safe and proper method of weight loss.

### XLIV.

That manufacturing Defendants breached such warranty in that as said drug is not safe and is not efficacious as treatemnt for obesity or weight loss.

XLV.

As a direct and proximate result of the aforesaid breach, Plaintiff and infant Plaintiff sustained the injuries complained of herein and will continue to suffer harm in the future as set forth herein.

XLVI.

Plaintiffs reallege and incorporation herein by reference Paragraphs I. through XLVI. above.

XLVII.

At the time manufacturing Defendants marketed, sold and distributed Pondimin, Tensuate Dospan, Diethlpropion Hydrochloride and Adipex for use by the public at large and including the Plaintiff herein, Defendants knew the use for which their product was intended and impliedly warranted said products to be of merchantable quality and safe and fit for such use.

XLVIII.

The Plaintiff reasonably relied on said implied warranty and that contrary to the same, said product was not of merchantable quality or safe or fit for their intended use because said product used is unreasonably dangerous and unfit for the ordinary purpose for which it was used or when used as intended by manufacturing Defendants.

XLIX.

As a direct and proximate result of the breach of the implied warranty, Plaintiff and infant Plaintiff suffered and will continue to suffer.

L.

The Plaintiff, as natural mother of the infant Plaintiff, and OSCAR GOBER, Plaintiff spouse, as husband of the Plaintiff and natural father of the infant Plaintiff, reiterate and reallege each and every allegation contained in Paragraphs I. through L. with the same force and effect as if hereinafter set forth at length.

LI.

By reason of the foregoing, Plaintiff and Plaintiff's spouse have been deprived of the services and consortium of the injured Plaintiffs, including but not limited to companionship, affection, support and solace and were caused to suffer a loss of enjoyment of life and incur medical expenses and other expenses as a result of the injuries sustained by the Plaintiff and infant Plaintiff, all of which caused said Plaintiff and Plaintiff spouse to be damaged and entitled to Judgment against each of the Defendants.

WHEREFORE, PLAINTIFFS, individually and on behalf of the minor, PRAY for Judgment against all Defendants, *in solido*, for all special and general damages, past and future alluded to above, and all other equitable relief, including exemplary damages, Attorney's fees, cost of all these proceedings, and judicial interest from the date of this demand.

Respectfully submitted,

LEE & BROUSSARD

ROBERT A. LEE
Attorney at Law
La. Bar No. 7907
P.O. Box 2712
Monroe, Louisiana 71207
(318)387-3872

Of Counsel:

RONALD R. BENJAMIN, ESQ.
P.O. Box 607
Binghamton, New York 13902

Please serve Defendants:

ECKERD CORPORATION d/b/a
ECKERD DRUGS through
Keene, Miller, Hawthorne & D'Armond
2200 One American Place
Baton Rouge, Louisiana  70802

WAL MART STORES, INC. d/b/a
WAL MART PHARMACY through
Corporation Service Company
320 Somerulos Street
Baton Rouge, Louisiana  70802

MERRILL PHARMACEUTICALS, INC.
known as AVENTIS PHARMACEUTICALS, INC.
previously HOECHST MARIONS ROUSSEL, INC.
through its agent
Edward Stratemeier
10236 Marion Park Drive
Kansas City, Missouri  64137-1405

Further particular service information will be provided in the future.

A TRUE COPY
_____
DEPUTY CLERK
4th JUDICIAL DISTRICT COURT
OUACHITA PARISH, LA.